LOUISE E. VON DORN, APPELLANT, V. ERNEST E. HUNTLEY, APPELLEE.

FILED JUNE 5, 1915. No. 18183.

1. Pleading: COUNTY COURTS. The rule as to pleadings in the county court, in an action for the recovery of money in an amount exceeding the jurisdiction of a justice of the peace, is the same as in the district court; and, where an answer to such action in the county court contains a general denial, it puts in issue the cause of action stated in the petition; and when the answer, in addition to the general denial, pleads facts which constitute an affirmative defense, such facts, in the absence of a reply, will be taken as true.

2. ———: FILING REPLY: DISCRETION OF COURT. Where an action is tried in the county court upon a petition and answer, and, after both sides have rested, is continued until another day for argument, the refusal of the court, when the parties appear for argument, to permit a reply to be then filed, will not be held to be an abuse of discretion, in the absence of a showing that the case was actually tried on the theory that a reply had been filed, or that the evidence was of such a character that the denial of the right would result in a miscarriage of justice.

3. ———: CONSTRUCTION ON APPEAL. An answer which pleads an affirmative defense, like a petition, which is not assailed by motion or demurrer in the court in which the action originated, should in all appellate courts be liberally construed.

4. Appeal: FILING REPLY: DISCRETION OF DISTRICT COURT. In an action pending in the district court on an appeal from the county court,

it is not error to refuse to permit the filing of a reply to an affirma-
tive defense pleaded in the county court, and to which the record
shows no reply had been filed in that court.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE.   *Affirmed.*

*J. E. Von Dorn,* for appellant.

*Weaver & Giller, contra.*

FAWCETT, J.

This action was instituted in the county court for Doug-
las county to recover a balance of $209.25, claimed to be
due on an account stated.   The petition alleges that plain-
tiff purchased the claim from the "J. E. Von Dorn Com-
mission Company, a concern engaged in the grain busi-
ness;" that the original account stated was for $619.25
and represented a balance due the commission company;
that defendant agreed with the commission company that
the account as stated was correct and agreed to pay the
same; that he made a number of subsequent payments
thereon in pursuance of the agreement, thus reducing the
account to the balance sued for.   The answer in the coun-
ty court admitted that during the year 1908 defendant had
some transactions with the commission company; that
he made some payments to the company; and denied every
other allegation in the petition contained.   As an affirma-
tive defense he pleaded that during the year 1908, and
prior thereto, the commission company "conducted a com-
mission house and handled trades in futures, bought and
sold grain on margins without contemplating in any way
the delivery or receipt of any grain, all contrary to the
statutes of the state of Nebraska in such cases made and
provided.   This defendant admits that he made some trades
with the said J. E. Von Dorn Commission Company, and
further in that behalf alleges that none of the trades men-
tioned in plaintiff's petition contemplated the delivery or
receipt of any actual grain by either of the parties to the
contract, and were gambling transactions, and so known

to be by both parties to said trades." The parties went to trial in the county court upon the petition and answer, without any reply. The case was tried November 30, 1910, both parties being represented in court. Oral testimony was taken and depositions read in evidence. At its conclusion, and after both sides had rested, the cause was continued to the next day for argument. When the parties appeared on the next day to argue the case, plaintiff asked leave to file a reply. The request was argued and submitted to the court, and after consideration was duly overruled. The case was then argued and submitted, and resulted in a judgment for the defendant on a finding that there was nothing due to plaintiff on its cause of action. Plaintiff appealed to the district court.

In the district court the same petition and answer were filed. Plaintiff then moved to strike what it termed the third paragraph of defendant's answer, which in reality is the second paragraph. The paragraph assailed is the one in which defendant pleaded the unlawful character of plaintiff's business. The motion to strike was overruled. Plaintiff now assails that ruling as error, and argues that it assumed to admit allegations in the petition which were not contained therein. If the answer were construed with strict technicality, the assault upon it might be held good, but no such assault was made upon it in the county court, where the action was instituted and first tried. Not having been made there, the allegations of the answer, in all appellate courts, should be liberally construed. So construed, the motion to strike was properly overruled.

Plaintiff thereupon asked leave to file a reply to the same portion of the answer which had been assailed by the motion to strike. This the court overruled, on the ground that to permit the reply, even in the form of a general denial, to be filed in that court would be to change the issues which were tried in the county court. Counsel argues that the same rule should be applied in an appeal from a county court as in appeals from justice courts. In this counsel is in error. In a justice court no pleadings are required except the bill of particulars; while in the

county court, in cases beyond the jurisdiction of a justice of the peace, as the one at bar, the rule as to pleadings is the same as in the district court. No reply having been filed in the county court, the defendant's affirmative defense stood admitted. In the district court, without a reply, the same condition would exist, and would entitle defendant to a judgment on the pleadings. With a reply filed, the defense pleaded by defendant would be put in issue, and would necessitate a trial upon that issue. The district court was right in refusing to permit the reply to be filed. On the pleadings as they then stood, the court entered judgment in favor of the defendant on the pleadings. This was proper.

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.